**DUSTIN R. SZAKALSKI, CA Bar No. 280726**
dszakalski@lrrc.com
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
**655 N. Central Avenue, Suite 2300**
**Glendale, CA 91203-1445**
**Telephone: (626) 795-9900**
**Facsimile: (626) 577-8800**

Attorneys for Plaintiff
COPLUS, INC.

Lewis Roca ROTHGERBER CHRISTIE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COPLUS INC.,<br>Plaintiff,<br>vs.<br>ZHEJIANG YUANZHENG AUTO & MOTORCYCLE ACCESSORIES CO., LTD., a China Limited Company,<br>Defendant. | Case No. 2:20-cv-11606<br>**COMPLAINT FOR DESIGN PATENT INFRINGEMENT**<br>**JURY TRIAL DEMANDED** |

Plaintiff Coplus Inc. (hereinafter "Coplus"), in its complaint against Defendant Zhejiang Yuazheng Auto & Motorcycle Accessories Co., Ltd. (China Limited Company) (hereinafter "Zhejiang"), alleges as follows:

## NATURE OF THIS ACTION

1. This is an action for design patent infringement under 35 U.S.C. § 271 arising out of Defendant's sale and exportation of automotive headlights.

Lewis Roca ROTHGERBER CHRISTIE

## THE PARTIES

2. Coplus is a corporation organized and existing under the laws of Taiwan (the Republic of China (ROC)), having a principle place of business at No. 7, Xinping Rd., South Dist., Tainan City, Taiwan (TW) 70266.

3. Through its distributors, Coplus sells aftermarket automotive accessories and parts, including aftermarket headlights, in this district, in the State of California, and throughout the United States of America.

4. On information and belief, Zhejiang is a corporation organized and existing under the laws of People's Republic of China (PRC), having a principle place of business at Luofeng North Industrial Area, No185 Fengdu 2nd Road, Tangxia Ruian, Zhejiang Province, China 325200.

5. On information and belief, Zhejiang markets, sells, and imports aftermarket automotive accessories and parts in this district, in the State of California, and throughout the United States of America.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1338(a), because Coplus's claim of patent infringement against Defendant arises under 35 U.S.C. § 271.

7. Zhejiang is subject to personal jurisdiction in this judicial district because Zhejiang has purposefully availed itself of the privilege of doing business in this judicial district, transacts business in this district, and has sufficient minimum contacts with California to render the exercise of jurisdiction over Zhejiang compatible with due process.

8. Venue is proper in this Court under 28 U.S.C. §§ 1391(c)(3) because Zhejiang is not resident in the United States of America. Additionally, wrongful acts as alleged herein have occurred in this district.

## GENERAL ALLEGATIONS

9. Coplus is a leader in the field of aftermarket automotive parts, including aftermarket headlights.

10. On March 3, 2017, Plaintiff filed U.S. patent application no. 29/596026 ("the '026 application") directed to one of its automotive headlights. The '026 application issued as U.S. Design Patent No. D812,791 S ("the '791 Patent") on March 13, 2018 and is titled "Vehicle Light." A true and correct copy of the '791 Patent is attached as Exhibit A. The '791 Patent remains in full force and effect.

11. The '791 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

12. The '791 Patent is legally presumed to be valid under 35 U.S.C. § 282.

13. Coplus is the assignee and owner of all rights, title, and interests in the '791 Patent, including all rights to pursue and collect past and future royalties and damages for infringement of the patented claim. Coplus retains the exclusive right to enforce the '791 Patent.

14. The '791 Patent covers the ornamental design for a vehicle light.

15. Coplus practices the '791 Patent in connection with the commercialization of headlights for the Subaru WRX STI vehicle, as shown for example below.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /



Lewis Roca ROTHGERBER CHRISTIE

| ‘791 Patent | Coplus Headlight |
| --- | --- |



FIG. 2







16. The Coplus vehicle headlights for the Subaru WRX STI have been commercially successful with their distinctive design providing differentiation to other competitors' designs.

17. The Coplus vehicle headlight is, and has been, marked with the number of the ‘791 Patent, as shown below.






Lewis Roca
ROTHGERBER CHRISTIE

18. On information and belief, Defendant manufactures a vehicle headlight for the 2015-2019 Subaru WRX STI vehicle, which is covered by the claim of the '791 Patent (the "Subaru Infringing Product").

19. On information and belief, Defendant exports or otherwise distributes the Subaru Infringing Product for marketing and sale in the United States, including exporting, distributing, or selling the Subaru Infringing Product to Burnz Auto Accessories, Inc. ("Burnz") for marketing and sale in the United States.

20. Burnz has sold and offered for sale in this district and elsewhere, and continues to sell and offer for sale in this district and elsewhere in the United States, without the consent or authorization of Plaintiff, the Subaru Infringing Product marketed as "V1 Sequential Headlights 2015+ WRX STI."

21. A true and correct copy of Burnz's advertisement and offer for sale of the Subaru Infringing Product on its Facebook page (https://www.facebook.com/burnzauto/) is attached as Exhibit B.

22. A true and correct copy of Burnz's advertisement and offer for sale of the Subaru Infringing Product on its webpage (https://burnzauto.com/collections/new-items/products/v1-sequential-headlights-2015-wrx-sti) is attached as Exhibit C.

23. On information and belief, the Subaru Infringing Product advertised on Facebook and Burnz's webpage for sale in the United States (as shown in Exhibits B and C) was purchased or otherwise procured or sourced from Defendant.

24. On August 17, 2020, Plaintiff notified Burnz by means of a letter that Defendant's Subaru Infringing Product advertised and sold (or intended to be sold) by Burnz infringed the claim of the '791 Patent. A true and correct copy of the Plaintiff's letter to Burnz is attached as Exhibit D.

25. On August 17, 2020, Burnz sent an email to Plaintiff's counsel stating, in part, "Burnz Auto doesn't make any and never has. Do you your homework and you will see we sell Vland headlights and tails." A true and correct copy of the





Lewis Roca ROTHGERBER CHRISTIE

August 17, 2020 from Burnz is attached as Exhibit E.

26. On information and belief, Defendant does business under the brand VLAND. A true and correct copy of Defendant's U.S. trademark registration for the mark "VLAND" (Reg. No. 5,065,813) is attached as Exhibit F.

27. On August 19, 2020, Burnz sent a second email to Plaintiff's counsel stating, in part, "Again, reach out the the [*sic*] company that makes them Vland. You can deal [*sic*] them as we only sell what they give us. We don't make them and never have as for your design you claim to be yours, I'm sure Vland's came from the Concept car that's [*sic*] made. Also again if you look at the website you will See [*sic*] that are branded Vland. Also if you look at the ad that was posted from the start we clearly show they are Vland and not Burnz Auto." A true and correct copy of the August 19, 2020 email from Burnz is attached as Exhibit G.

28. On August 21, 2020, Plaintiff sent Burnz a letter notifying Burnz that "pursuant to 35 U.S.C. §271(a), the sale of an infringing product constitutes infringement even if the seller is not the manufacturer of the infringing product." A true and correct copy of the copy of Plaintiff's August 20, 2020 letter to Burnz is attached as Exhibit H.

29. On August 21, 2020, Burnz sent an email to Plaintiff's counsel stating, in part, "[t]his is something that you guys need to take up with Vland and not us." A true and correct copy of the August 21, 2020 email from Burnz is attached as Exhibit I.

30. On information and belief, Burnz has continued to advertise, sell, and offer for sale in this district and elsewhere in the United States, without the consent or authorization of Plaintiff, the Subaru Infringing Product, despite Plaintiff's express notice of the '791 Patent and the relationship to the Subaru Infringing Product.

31. On information and belief, Defendant (utilizing its VLAND brand) has continued to export or otherwise distribute the Subaru Infringing Product to





Lewis Roca ROTHGERBER CHRISTIE

Burnz for sale in this district and elsewhere in the United States, without the consent or authorization of Plaintiff, despite Plaintiff's express notice of the '791 Patent and the relationship to the Subaru Infringing Product.

**CLAIM FOR RELIEF**
**COUNT I**
**(Direct Patent Infringement)**

32. Plaintiff hereby repeats and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Defendant's Subaru Infringing Product incorporates the design patented in the '791 Patent, or a colorable imitation thereof.

34. In the eye of an ordinary consumer familiar with the prior art, Defendant's Subaru Infringing Product is substantially the same as Coplus's design covered by the '791 Patent such that the ordinary consumer would be deceived by the substantial similarity of the designs so as to be induced into purchasing the Defendant's Subaru Infringing Product supposing it to be one offered by Coplus and covered by the '791 Patents as shown below.

'791 Patent



FIG. 2

Subaru Infringing Product







113048767.1

Lewis Roca ROTHGERBER CHRISTIE

35. The alleged infringing acts of Defendant with respect to the '791 Patent are performed without right, license, or authorization from Plaintiff.

36. By its aforesaid acts, Defendant has directly infringed and continues to infringe the claim of the '791 Patent by, *inter alia*, making, using, offering to sell, and/or selling in the United States, or importing into the United States, products infringing the ornamental design covered by the '791 Patent in violation of 35 U.S.C. § 271(a).

37. Defendant has had actual or constructive notice of the existence of the '791 Patent and despite such notice has continued to engage in acts of infringement.

38. As a direct result of Defendant's acts complained of herein, Plaintiff has been actually damaged and irreparably harmed and Defendant has been unjustly enriched, to an extent not presently ascertained, which damage, harm and enrichment will continue until enjoined from further infringement by order of this Court.

39. On information and belief, Defendant's infringement of the '791 Patent has been, and continues to be, willful because Defendant continues to directly infringe the '791 Patent despite having notice of the '791 Patent and with knowledge that such infringement has occurred, or at least willful blindness to whether such infringement has occurred, and therefore Plaintiff is entitled to enhanced damages against Defendant.

40. This is an exceptional case and Plaintiff is entitled to an award of its attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court finds in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a) Adjudging and decreeing that Defendant has infringed and is infringing the '791 Patent by its manufacture, use, importation, sale, and/or offer for sale of the Subaru Infringing Product;

Lewis Roca ROTHGERBER CHRISTIE

b) A temporary and permanent injunction prohibiting Defendant and its officers, directors, agents, servants, employees and attorneys, and other persons in active concert or participation with Defendant, from making, importing, using, selling, and offering to sell in the United States infringing products practicing the '791 Patent, from other infringing, contributing to infringement of, and actively inducing infringement of the '791 Patent, and for all further and proper injunctive relief pursuant to 35 U.S.C. § 283;

c) An order requiring Defendant to deliver up to Plaintiff for destruction any and all Subaru Infringing Products in Defendant's possession, custody or control, along with any items of manufacture, the sole purpose of which is to manufacture such Subaru Infringing Products, as well as any promotional literature and packaging which displays or promotes such Subaru Infringing Products;

d) An accounting of all of Defendant's infringing sales of the Subaru Infringing Products and all of Defendant's revenue generated from the sales of the Subaru Infringing Products;

e) An award to Plaintiff of its lost profits or such past damages, not less than a reasonable royalty, as it shall prove at trial against Defendant that is adequate to fully compensate Plaintiff for Defendant's infringement of the '791 Patent, together with post-judgment and pre-judgment interest thereon, pursuant to 35 U.S.C. § 284;

f) An award to Plaintiff of Defendant's total profit, but not less than $250, from the sale of the Subaru Infringing Product in the United States, together with post-judgment and pre-judgment interest thereon, pursuant to 35 U.S.C. § 289;

g) A determination that Defendant's infringement has been willful, wanton, and deliberate and that the damages against Defendant be

Lewis Roca ROTHGERBER CHRISTIE

trebled, pursuant to 35 U.S.C. § 284 or for any other basis in accordance with the law;

h) A finding that this case is exceptional and an award to Plaintiff of its costs, expenses, and reasonable attorneys' fees, as provided by 35 U.S.C. § 285; and

i) For such other and further relief as the Court may deem just and proper.

Dated: December 23, 2020

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By /Dustin R. Szakalski/
Dustin R. Szakalski

Attorneys for Plaintiff
COPLUS INC.





Lewis Roca ROTHGERBER CHRISTIE

**DEMAND FOR JURY TRIAL**

Plaintiff Coplus, pursuant to Federal Rule of Civil Procedure 38, hereby demands a trial by jury of all issues so triable.

Dated: December 23, 2020

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By /Dustin R. Szakalski/
Dustin R. Szakalski

Attorneys for Plaintiff
COPLUS INC.

Lewis Roca ROTHGERBER CHRISTIE