Tianyu Ju, Esq. (SBN 323817)
Yu Hao Yao, Esq. (SBN 344022)
Glacier Law LLP
251 South Lake Avenue, Suite 910
Pasadena, CA 91101
Tel.:(312) 448-7772
Fax: (312) 801-4587
Email: iris.ju@glacier.law
mickey.yao@glacier.law
Counsels for Defendant and Counterclaim Plaintiff
ZHEJIANG YUANZHENG AUTO & MOTORCYCLE ACCESSORIES CO., LTD.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COPLUS INC.,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>ZHEJIANG YUANZHENG AUTO & MOTORCYCLE ACCESSORIES CO., LTD.,<br><br>Defendant/Counterclaim Plaintiff. | Case No. 2:20-cv-11606<br><br>**DEFENDANT/COUNTERCLAIM PLAINTIFF YUANZHENG'S ANSWER AND COUNTERCLAIM**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant/Counterclaim-Plaintiff Zhejiang Yuanzheng Auto & Motorcycle Accessories Co., Ltd. (hereinafter "ZYA" or "Defendant"), through its counsel, hereby responds to the First Amended Complaint dated April 27, 2021 (ECF No. 15,

"FAC") of Plaintiff/Counterclaim-Defendant Coplus, Inc. (hereinafter "Coplus" or "Plaintiff") as set forth below. In response to all paragraphs of the FAC, Yuanzheng denies each and every allegation except as expressly admitted herein.

**NATURE OF THIS ACTION**

1. ZYA admits that Coplus purports to bring claims under the patent laws of the United States. ZYA denies the remainder of the allegations of paragraph "1" of the FAC.

**THE PARTIES**

2. ZYA denies that it lacks knowledge or information sufficient to form a belief as to the truth thereof.

3. ZYA denies that it lacks knowledge or information sufficient to form a belief as to the truth thereof.

4. Admits that ZYA is a company organized and existing under the laws of China, having its principal place of business in Wenzhou, China.

5. Admits.

**JURISDICTION AND VENUE**

6. Admits that the Court has subject matter jurisdiction.

7. ZYA denies that it lacks knowledge or information sufficient to form a belief as to the truth thereof.

8. ZYA admits that venue properly lies within the Central District of California.

## GENERAL ALLEGATIONS

9. ZYA lacks knowledge or information sufficient to form a belief as to the truth thereof.

10. ZYA admits that on March 3, 2017 Plaintiff filed U.S. patent application no. 29/596026 ("the '026 application") directed to one of its automotive headlights. The '026 application issued as U.S. Design Patent No. D812,791 S ("the '791Patent") on March 13, 2018 and is titled "Vehicle Light." ZYA denies the remainder of the allegations of paragraph "10" of the FAC.

11. One or more of the claims of the '791 patent are invalid for failing to meet one or more of the conditions for patentability under Title 35 of the United States Code, and/or the rules, regulations, and laws related thereto, including without limitation §§ 101, 102, 103, and/or 112.

12. Denies.

13. ZYA denies that it lacks knowledge or information sufficient to form a belief as to the truth thereof.

14. ZYA denies that it lacks knowledge or information sufficient to form a belief as to the truth thereof.

15. ZYA denies that it lacks knowledge or information sufficient to form a belief as to the truth thereof.

16. ZYA denies that it lacks knowledge or information sufficient to form a belief as to the truth thereof.

17. ZYA denies that it lacks knowledge or information sufficient to form a belief as to the truth thereof.

18. ZYA admits that it manufactures vehicle headlight for Subaru vehicle. ZYA denies the remainder of the allegations of paragraph “18” of the FAC.

19. ZYA denies that it lacks knowledge or information sufficient to form a belief as to the truth thereof.

20. ZYA denies that it lacks knowledge or information sufficient to form a belief as to the truth thereof.

21. ZYA denies that it lacks knowledge or information sufficient to form a belief as to the truth thereof.

22. ZYA denies that it lacks knowledge or information sufficient to form a belief as to the truth thereof.

23. ZYA denies that it lacks knowledge or information sufficient to form a belief as to the truth thereof.

24. ZYA denies that it lacks knowledge or information sufficient to form a belief as to the truth thereof.

25. ZYA denies that it lacks knowledge or information sufficient to form a belief as to the truth thereof.

26. Admits.

27. ZYA denies that it lacks knowledge or information sufficient to form a belief as to the truth thereof.

28. ZYA denies that it lacks knowledge or information sufficient to form a belief as to the truth thereof.

29. ZYA denies that it lacks knowledge or information sufficient to form a belief as to the truth thereof.

30. ZYA denies that it lacks knowledge or information sufficient to form a belief as to the truth thereof.

31. Denies.

## COUNT I

## (DIRECT PATENT INFRINGEMENT)

32. ZYA repeats and reiterates each and every one of the foregoing answers in response to the allegations made in paragraph 1 to 31 of the FAC herein with the same force and effect as though set forth at length.

33. Denies.

34. Denies.

35. Denies.

36. Denies.

37. Denies.

38. Denies.

39. Denies.

40. Denies.

**PRAYER FOR RELIEF**

Denies.

**AFFIRMATIVE DEFENSES**

ZYA incorporates by reference the foregoing paragraphs in their entirety and asserts the following affirmative defenses to the claims set forth in the FAC. ZYA reserves the right to allege additional Affirmative Defenses as they become known, and accordingly to amend this Answer.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The FAC fails to state a claim upon which relief may be granted. In particular, the FAC fails to provide any factual support for any of the claims from which the Court could conclude that ZYA is liable for any claim.

**SECOND AFFIRMATIVE DEFENSE**

**(Non-Infringement)**

ZYA has not infringed, nor is it infringing, the '791 Patent directly, indirectly, literally or under the doctrine of equivalents.

**THIRD AFFIRMATIVE DEFENSE**

**(Invalidity)**

The '791 Patent is invalid for failing to satisfy at least one of the requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

**FOURTH AFFIRMATIVE DEFENSE**

**(Limitation of Damages)**

Coplus's claims for damages and costs are limited by 35 U.S.C. §§ 286, 287, and/or 288.

**FIFTH AFFIRMATIVE DEFENSE**

**(Patent Misuse)**

Coplus's Claims are barred, in whole or in part, by patent misuse. In particular, Coplus improperly asserted the '791 Patent to submit false and defamatory statements to ZYA's business partners. The purpose of Coplus's patent misuse is to stifle legitimate competition and maintain pricing for its vehicle headlight products on Amazon.

**SIXTH AFFIRMATIVE DEFENSE**

**(Laches)**

Coplus's action is barred, in whole or in part, under the doctrine of waiver, stopper, laches, ratification and/or acquiescence.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Damages)**

Coplus cannot establish that it has suffered any damages as a result of any of the conduct alleged in the FAC.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Lack of Irreparable Harm)**

Coplus is barred from seeking injunctive relief because it cannot show that it will suffer irreparable harm from ZYA's alleged conduct because the alleged injury to Coplus, if any, would be adequately compensated by damages.

**NINTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Coplus's action is barred, in whole or in part, under the doctrine of unclean hands. In particular, Coplus's claims are barred by its own unlawful conduct.

**TENTH AFFIRMATIVE DEFENSE**

**(Innocent Infringement)**

Even if ZYA might has infringed any patent interest allegedly held by Coplus, ZYA did so with innocent intent, and thus Coplus cannot obtain damages for willful infringement and/or attorney's fees.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Not An Exceptional Case)**

Plaintiff cannot prove that this is an exceptional case justifying an award of attorney fees against Defendant pursuant to 35 U.S.C. § 285.

**TWELVETH AFFIRMATIVE DEFENSE**

**(No Injury or Standing)**

Plaintiff has suffered no injury and lack standing.

**DEMAND FOR JURY TRIAL**

ZYA hereby requests a jury trial for all issues triable by jury.

## COUNTERCLAIMS

Defendant Zhejiang Yuanzheng Auto & Motorcycle Accessories Co., Ltd. (hereinafter "ZYA" or "Counterclaimant"), by and through its undersigned counsel, counterclaims and alleges against Plaintiff and Counterclaim Defendant Coplus, Inc. (hereinafter "Coplus" or "Counterclaim Defendant") as follows:

## PARTIES

1. ZYA is a corporation organized and existing under the laws of People' Republic of China (PRC), having a principal place of business at Luofeng North Industrial Area, No185 Fengdu 2nd Road, Tangxia Ruian, Zhejiang Province, China 325200.

2. Upon information and belief, Coplus is a corporation organized and existing under the laws of Taiwan, having a principle place of business at No. 7, Xinping Rd., South Dist., Tainan City, Taiwan (TW) 70266.

3. Upon information and belief, Coplus offers and sells aftermarket automotive accessories and parts to customers and/or potential customers located in California and in this District, as well as elsewhere in the United States.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1223 and 1338, to obtain a declaratory judgment that ZYA is not infringing the ‘731 Patent.

5. ZYA also brings this action under the principal of pendent jurisdiction, to recover damages, costs of suit, and reasonable attorneys’ fees, against Coplus for injuries sustained by Plaintiff.

6. This Court has personal jurisdiction over Coplus because it filed this action for patent infringement, and has thus, submitted to this Court’s personal jurisdiction. On information and belief, Coplus has also purposely transacted business in this District, including sales to one or more customers and in this District.

7. Venue is proper in this District pursuant to 28 U.S.C §1391 and §1400.

## FACTUAL BACKGROUND

8. ZYA manufactures and export to the United States vehicle and motorcycle parts and accessories, including Car Headlights Products.

9. Specifically, ZYA sells a car headlight for Subaru vehicle ("Accused Products") via retailers in United States. ZYA has established its products to the market and has an established reputation and quality reviews.

10. Coplus is direct competitor of ZYA.

11. Around August 2020, Coplus repeatedly interfered with ZYA's retail alleging that ZYA's products infringed its patent.

12. On September 22, 2020, ZYA's counsel sent a Letter to Coplus's counsel showing that the Accused Products do not infringe the '791 Patent. A true and correct copy of the Letter is attached as Exhibit A.

13. Moreover, ZYA designed and manufactured the Accused Products based on its own patent, U.S. Design Patent No. 909,640 S ("the '640 Patent"). A true and correct copy of the '640 Patent is attached as Exhibit B.

14. The '640 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. There can be no infringement as the Accused Products is manufactured based on ZYA's own valid patent.

## COUNT I

### (Declaratory Judgment of Non-Infringement of The '791 Patent)

15. The allegations of the preceding counterclaim paragraphs above are incorporated by reference as if fully set forth herein.

16. ZYA is not infringing, has not infringed, and is not liable for any infringement of any valid and enforceable claim of the ‘791 Patent, either directly, indirectly, contributorily, by inducement, literally, under the doctrine of equivalents, or in any other manner. As shown below, ZYA’s Accused Products do not infringe Coplus’s ‘791 Patent.

| FRONT VIEW COMPARISON | |
|---|---|
| Coplus’s ‘791 Patent | ZYA’s Accused Products |
|  FIG. 2 |  |

17. As depicted above, the headlight design of the Accused Product is not substantially or even close to be similar as the headlight design of the ‘791 Patent. While both designed as headlights for the Subaru vehicles, ZYA based its headlight design on its own patent and no ordinary observer would be so deceived by so-called substantial similarity between the designs.

18. Indeed, the Accused Product is comprised of the following main ornamental features: (1) a wide stretch of horizontal LED Bars with marginal spacing between each bars (headlight middle main section), (2) a half continuous

LED bar wrapping and taping around the outer perimeter of the headlamp, (3) an inner side lamp (parking light) adjacent and protruding horizontally to the triple horizontal LED bars, and (4) a yellow light (turn signal light) adjacent to the horizontal LED bars.

19. Specifically, the Accused Product contains a main middle section that has ***prominent*** horizontal LED bars with marginal spacing between each bar ("horizontal LED Bars") that immediately draws the user's attention. These horizontal LED bars are the most prominent design and are not substantially similar to the '791 Patent. The Accused Product do not have aesthetically identical features compared with the '791 Patent. Additionally, the light bulbs in the Accused Product and the '791 Patent are also substantially dissimilar. The Accused Product incorporates a design that encloses the light bulbs while the '791 Patent has circular-shaped opening for the light bulbs. As an ordinary observer would see that the designs are different. The overall shape of the Accused Product and the Patent is also substantially different. The '791 has more of a narrow body while the Accused Product has a wider and elongated body.

20. An ordinary observer would see the substantial differences between the Accused Product and the '791 Patent. As a result, Coplus is not entitled to any relief of any claim in the Complaint for at least the reasons in this Answer and Counterclaims including ZYA's affirmative defenses.

21. Absent a declaration of noninfringement of the '791 patent, Coplus will continue to assert it against ZYA and will, in this way, continue to cause damage to ZYA.

22. To resolve the issues raised by Coplus and to afford relief from uncertainty and controversy that Coplus's allegations have created, ZYA is entitled to declaratory judgement that it has not infringed and is not infringing any valid and enforceable claim of the '791 patent.

23. Accordingly, ZYA seeks a declaration that the claims of the '791 patent are not infringed.

**COUNT II**

**(Declaratory Judgment of Invalidity of the '791 Patent)**

24. The allegations of the preceding counterclaim paragraphs above are incorporated by reference as if fully set forth herein.

25. One or more of the claims of the '791 patent are invalid for failing to meet one or more of the conditions for patentability under Title 35 of the United States Code, and/or the rules, regulations, and laws related thereto, including without limitation §§ 101, 102, 103, and/or 112.

26. The claims of the '791 patent lack novelty and are taught and suggested by the prior art and/or are obvious in view of the prior art.

27. To resolve the issues raised by Coplus to afford relief from uncertainty and controversy that Coplus's allegations have created, ZYA is entitled to declaratory judgment that the claims of the '791 patent are not valid and enforceable.

## JURY DEMANDED

ZYA demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimant prays for relief with respect to the Counterclaim as follows:

A. Dismissing the Complaint in its entirety with prejudice.

B. That Coplus take nothing on its Complaint.

C. Declaring that ZYA has not infringed, and is not infringing, each of the asserted patents, either directly or indirectly, in this judicial district or anywhere in the United States.

D. Declaring that the claims of the assert patent are invalid, unpatentable, and/or unenforceable against ZYA.

E. Declaring Coplus is barred from enforcing or attempting to enforce patent rights against ZYA.

F. Finding that this case is exceptional under 35 U.S.C. § 285 and

awarding attorneys' fees;

G. Awarding any such other relief as the Court may deem just and proper.

Dated: January 27, 2023

Respectfully Submitted,

By: /s/ Yu Hao Yao

Yu Hao Yao, Esq.
Tianyu Ju, Esq.
Glacier Law LLP
251 S Lake Ave, Suite 910
Pasadena, CA 91101
mickey.yao@glacier.law
iris.ju@glacier.law
Tel: +1 (312) 448-7772
Fax: +1 (312)-801-4587
***Attorneys for Defendant/Counterclaim Plaintiff***