JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COPLUS INC., <br><br> Plaintiff, <br><br> vs. <br><br> ZHEJIANG YUANZHENG AUTO & MOTORCYCLE ACCESSORIES CO., LTD., a China Limited Company, <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS. | Case No. 2:20-cv-11606-AB-AFM <br><br> [~~PROPOSED~~] **CONSENT JUDGMENT** <br><br><br> **Hon. André Birotte Jr.** |

Plaintiff and Counterclaim Defendant Coplus, Inc. ("Coplus") and Defendant and Counterclaim Plaintiff Zhejiang Yuanzheng Auto & Motorcycle Accessories Co., Ltd. ("Zhejiang") consent and agree to the terms and conditions of this Final Consent Judgment.

**IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

1. The Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1111 et seq., and 28 U.S.C. §§ 1331, 1338 and 1367. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b).

2. Coplus Inc. is a corporation organized and existing under the

laws of Taiwan (the Republic of China (ROC)) and having an address of No. 50, Keji 2nd Rd., Annan District, Tainan City, Taiwan (TW) 709031 (hereinafter "Coplus").

3.     Zhejiang Yuanzheng Auto & Motorcycle Accessories Co., Ltd. is a corporation organized and existing under the laws of People's Republic of China (PRC), having a principal place of business at Luofeng North Industrial Area, No185 Fengdu 2nd Road, Tangxia Ruian, Zhejiang Province, China 325200 (hereafter "Zhejiang").

4.     Coplus is the owner of U.S. Design Patent No. D812,791S entitled "Vehicle Light" (hereinafter "the '791 Patent").

5.     Zhejiang has offered for sale, sold, manufactured, and/or imported into the United States a vehicle headlight for the 2015-2019 Subaru WRX STI vehicle (the "Accused Product").

6.     On December 23, 2020, Coplus filed the present lawsuit alleging, among other things, that Zhejiang's sales of the Accused Product infringes Coplus's '791 Patent.

7.     Zhejiang denied all allegations against it in the Lawsuit, asserted various affirmative defenses, and filed Counterclaims for non-infringement and invalidity of the '791 Patent.

8.     The Zhejiang Accused Product does not infringe the '791 Patent. Coplus and its parent, subsidiaries, affiliates, shareholders, officers, agents, servants, employees and attorneys, and all persons in active concert and participation with them are hereby permanently restrained and enjoined from enforcing the '791 Patent against Zhejiang and any of its manufacturers, distributors, retailers, suppliers, vendors, or purchasers of the Accused Product.

9.     This Consent Judgment shall be conclusive for purposes of collateral estoppel regarding all issues that have been or could have been

brought on the same operative facts.

10. All claims alleged by Coplus against Defendant Zhejiang are dismissed with prejudice.

11. All counterclaims alleged by Zhejiang against Coplus are dismissed with prejudice.

12. Each party shall bear its own costs and attorneys' fees.

13. The Court will retain jurisdiction to enforce this order and judgment.

14. Final Judgment is **ENTERED** forthwith, without further notice.

**IT IS SO ORDERED.**

DATED: December 4, 2024

HONORABLE ANDRÉ BIROTTE JR.
U.S. DISTRICT COURT JUDGE

3